IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DENISIA JEFFERY and JEFFERY FAMILY,** § § § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-1836-L-BN** |
| § | |
| **STATE OF TEXAS and OTHER PARTIES,** § § § | |
| § | |
| Defendants. § | |

## ORDER

On February 19, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 10) was entered, recommending that the court **dismiss with prejudice** as frivolous this action filed by Plaintiff Denisia Jeffery ("Plaintiff" or "Ms. Jeffery"). No objections have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C).

The Report reasons that this action should be dismissed with prejudice because Plaintiff's Complaint and allegations are "clearly baseless, irrational, or wholly incredible." Report 3. Magistrate Judge Horan determined that Ms. Jeffery should not be granted leave to amend her complaint because she had been given an opportunity to amend and did not take it. *Id.*; *see also* Doc. 7. Further, because Fifth Circuit case law states that leave is not required when a plaintiff has pled his or her best case, the magistrate judge concluded that Plaintiff has pleaded her best case, and it is unlikely that she could allege a viable legal claim if given another opportunity to amend. Report 3-4 (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (holding that a plaintiff has pleaded his or her best case when he or she gives no indication that he or she did

not and when he or she does not state any material facts that could be included in an amended complaint.)). Finally, the magistrate judge concluded that granting leave to amend would be futile and cause needless delay. *Id.* at 4.

While the court agrees with the magistrate judge's finding that Plaintiff's allegations are clearly baseless, irrational, or wholly incredible, it does not agree that the case should be dismissed with prejudice. Plaintiff filed her Complaint on July 18, 2024, and a supplement to her Complaint on July 30, 2024. (Docs. 3, 6). On December 18, 2024, the magistrate judge granted Plaintiff leave to proceed *in forma pauperis* and informed her of the deficiencies in her Complaint (Doc. 7). Since filing her Complaint, Plaintiff has not received any of the orders entered by this court or the magistrate judge. *See* Docs. 9,11, and 12. As a result, she has not had an opportunity to correct the baseless, irrational, or wholly incredible allegations in her Complaint, which is why the court will not dismiss this action with prejudice. Despite Plaintiff not receiving the court's orders, it will not grant her leave to amend her Complaint because in the court's Instructions to a Non-Prisoner Pro Se Plaintiff (Doc. 2), she was informed that she is responsible for "notify[ing] the court if [her] address changes, or [her] case may be dismissed," and she did not do so. Doc.2.

The court also notes that, in her Complaint, Plaintiff lists the Jeffery Family as a party to this action. Doc. 1. Rule 11 of the Federal Rules of Civil Procedure requires that each party proceeding *pro se* sign each pleading, motion, or other paper filed by that party; however, individuals who do not have a law license may not represent other parties in federal court even on a next friend basis. *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir. 1970) (holding that only licensed lawyers may represent others in

**Order – Page 2**

federal court). Accordingly, Plaintiff may represent herself *pro se,* but she *may not* represent any other Plaintiff.

Having considered Plaintiff's pleadings, the file, record in this case, and Report, the court **accepts** the Report **in part** and **rejects** it **in part**. The court **accepts** the Report insofar as it relates to the findings of the magistrate judge. The court **rejects** the Report insofar as it recommends that this action be dismissed with prejudice. Accordingly, the court **dismisses without prejudice** this action and claims by Ms. Jeffery.

The court also prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 28th day of April, 2025.

                                              Sam A. Lindsay
                                              United States District Judge